**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISIDORO DOMINGUEZ PARRA, | No. 21-423 |
| Petitioner, | Agency No. A206-547-240 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026**
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Petitioner Isidoro Dominguez Parra, a native and citizen of Mexico, timely

seeks review of a decision by the Board of Immigration Appeals ("BIA")

dismissing his appeal of an immigration judge's ("IJ") denial of relief from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal. We review for substantial evidence the agency's denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Ani v. Bondi, 155 F.4th 1118, 1126 (9th Cir. 2025). We review de novo whether the IJ violated due process. Olea-Serefina v. Garland, 34 F.4th 856, 866 (9th Cir. 2022). We deny the petition.

1. Substantial evidence supports the BIA's determination that "the motive for the harm [Petitioner] feared was financial gain that was wholly unrelated to any protected ground." See Corpeno-Romero v. Garland, 120 F.4th 570, 581 (9th Cir. 2024) (holding that we review for substantial evidence the agency's determination of motive). Ample evidence supports the conclusion that financial gain motivated the perpetrators of each of the incidents experienced by Petitioner's family members—a 2003 false report to Petitioner's mother that Petitioner had been kidnapped, the killing of his nephew during an attempted kidnapping in approximately 2011, and a 2017 extortion demand to Petitioner's brother. The record does not compel the conclusion that the unknown perpetrators of these disparate events were motivated also by a connection to Petitioner's family.

2. Substantial evidence supports the agency's denial of CAT relief. Other than the killing of Petitioner's nephew in 2011, the record contains no evidence of physical harm to Petitioner's family members, several of whom have lived in Mexico for many years. Petitioner presented evidence regarding organized crime

and violence in Mexico.  But "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture" for the purpose of establishing eligibility for CAT protection.  Park v. Garland, 72 F.4th 965, 980 (9th Cir. 2023). The record does not compel the conclusion that Petitioner is likely to be tortured upon return to Mexico.

3.  The IJ did not violate Petitioner's right to due process by failing to inquire specifically about any fear of harm due to Petitioner's multiple sclerosis. The IJ asked Petitioner an open-ended question about what would happen to him in Mexico; inquired about any medications that Petitioner takes; asked specifically about his treatment for multiple sclerosis; and then asked several more open-ended questions about Petitioner's fear of harm.  We conclude that the IJ's colloquy, which repeatedly offered Petitioner an opportunity to express a fear of harm due to his medical condition, met the requirements of due process.  The proceeding was not "so fundamentally unfair that [Petitioner] was prevented from reasonably presenting [his] case." Olea-Serefina, 34 F.4th at 866 (quoting Lacsina Pangilinan v. Holder, 568 F.3d 708, 709 (9th Cir. 2009)); see Hussain v. Rosen, 985 F.3d 634, 643–45 (9th Cir. 2021) (holding that the IJ met the requirements of due process by asking open-ended questions that offered the pro se petitioner opportunities to develop his testimony).

**PETITION DENIED.**